UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PARI SHOJAE,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　　　　　-v.-<br><br>HARLEM HOSPITAL CENTER; NEW YORK CITY HEALTH AND HOSPITALS CORPORATION; SHAHNAWA KHAN; and HENNA FAROOQI,<br><br>　　　　　　　　　　Defendants. | 15 Civ. 5248 (KPF)<br><br>**OPINION AND ORDER** |

KATHERINE POLK FAILLA, District Judge:

　　　Plaintiff Pari Shojae, a Muslim Persian female pharmacist previously employed by Defendant Harlem Hospital Center, brought this action to allege claims of discrimination, retaliation, and hostile work environment under Title VII of the Civil Rights Act of 1964, *codified as amended at* 42 U.S.C. §§ 2000e to 2000e-17; the New York State Human Rights Law, N.Y. Exec. Law §§ 290-97 (the "NYSHRL"); and the New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-107 to 8-131 (the "NYCHRL").  The case was initially assigned to other judges in this District, including the Honorable Katherine B. Forrest.

　　　On January 12, 2018, Judge Forrest issued an Opinion and Order granting Defendants summary judgment on all counts and terminating this action.  On April 18, 2019, the Second Circuit affirmed Judge Forrest's grant of summary judgment as to Plaintiff's hostile work environment claims; her Title VII and NYSHRL disparate treatment and retaliation claims; and her

NYCHRL claims against Defendant Henna Farooqi. However, the Second Circuit vacated and remanded Judge Forrest's grant of summary judgment as to Plaintiff's NYCHRL discrimination and retaliation claims against Defendants Harlem Hospital Center, New York City Health and Hospitals Corporation, and Shahnawa Khan (together, "Remaining Defendants"). In making its decision, the Second Circuit left to the district court to resolve whether Plaintiff's NYCHRL claims were tolled while her complaint was pending before the Equal Employment Opportunity Commission (the "EEOC").

Remaining Defendants now move pursuant to Federal Rule of Civil Procedure 12(c) for a ruling that those of Plaintiff's NYCHRL claims that accrued prior to July 7, 2012, are time-barred. In particular, Remaining Defendants argue that a complaint to the EEOC does not toll the three-year statute of limitations for NYCHRL claims and, therefore, that all of Plaintiff's NYCHRL claims arising from events prior to July 7, 2012, are untimely. For the reasons set forth in the remainder of this Opinion, Remaining Defendants' motion is denied.

## BACKGROUND[1]

The Court assumes the parties' familiarity with the facts in this case, and refers those seeking further detail to Judge Forrest's prior opinion. *See Shojae v. Harlem Hosp. Ctr.*, No. 15 Civ. 5248 (KBF), 2018 WL 443749, at *1-4

---

[1] For ease of reference, the Court refers to Remaining Defendants' opening brief as "Def. Br." (Dkt. #130); to Plaintiff's opposing brief as "Pl. Opp." (Dkt. #131); and to Remaining Defendants' reply brief as "Def. Reply" (Dkt. #132).

(S.D.N.Y. Jan. 12, 2018) ("*Shojae I*"). Instead, the Court only provides those facts that are relevant to the limited procedural question before the Court.

Plaintiff is a Muslim Persian female pharmacist. *See Shojae I*, 2018 WL 443749, at *1. Plaintiff holds a doctorate in pharmacy, and from about August 2009 until December 1, 2015, she was an employee at Harlem Hospital. *See id.* at *1, *4. During the relevant period, she was under the supervision of both Defendant Farooqi and Defendant Khan. *See id.* at *1. Plaintiff alleged that prior to July 7, 2012, she was subjected to numerous acts of discrimination by Khan, including being told that her asking for her promised signing bonus was "improper behavior for a woman." *See id.* However, Plaintiff did not register any complaints about Khan (or anyone else), until September 15, 2012. *See id.* at *2. All other relevant facts occurred after July 7, 2012. *See generally id.* at *1-4.

This action's relevant procedural history is as follows: Plaintiff filed this action on July 7, 2015 (Dkt. #1), and it was initially assigned to the Honorable Laura Taylor Swain. On May 26, 2017, Defendants Farooqi, Harlem Hospital Center, and New York City Health and Hospitals Corporation filed a motion for summary judgment (Dkt. #63), which motion Defendant Khan later joined (Dkt. #102). On September 11, 2017, the case was reassigned to Judge Forrest (Minute Entry for September 11, 2017), and on January 12, 2018, Judge Forrest issued an Opinion and Order granting summary judgment to Defendants on all counts (Dkt. #106). Plaintiff appealed the judgment on February 9, 2018 (Dkt. #108), and on April 18, 2019, the Second Circuit

affirmed the judgment in part and vacated and remanded the judgment in part, *see generally Shojae* v. *Harlem Hosp. Ctr.*, 764 F. App'x 113 (2d Cir. 2019) (summary order) ("*Shojae II*"). Specifically, the Second Circuit vacated the dismissal of Plaintiff's NYCHRL discrimination and retaliation claims against Remaining Defendants and remanded those claims to the district court. *See Shojae II*, 764 F. App'x at 114.

On May 13, 2019, the case was reassigned to this Court. (Minute Entry for May 13, 2019). On November 22, 2019, Remaining Defendants filed their motion for judgment on the pleadings, focusing specifically on whether Plaintiff's NYCHRL claims accruing prior to July 7, 2012, were untimely. (Dkt. #129-130). Plaintiff filed her opposition brief on January 3, 2020 (Dkt. #131), and Remaining Defendants filed their reply brief on January 21, 2020 (Dkt. #132).

## DISCUSSION

## Plaintiff's NYCHRL Claims Were Timely Filed

**A. Applicable Law**

**1. Motions for Judgment on the Pleadings under Fed. R. Civ. P. 12(c)**

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed — but early enough not to delay trial — a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Courts apply the same procedure to evaluate motions for judgment on the pleadings under Rule 12(c) as for motions to dismiss under Rule 12(b)(6). *Altman* v. *J.C. Christensen & Assocs., Inc.*, 786 F.3d 191, 193 (2d Cir. 2015); *Johnson* v. *Rowley*, 569 F.3d

4

40, 43 (2d Cir. 2009). This procedure requires courts to "draw all reasonable inferences in [the non-movant's] favor, 'assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief.'" *Faber* v. *Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (quoting *Selevan* v. *N.Y. Thruway Auth.*, 584 F.3d 82, 88 (2d Cir. 2009)). The non-movant is entitled to relief if he or she alleges "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp.* v. *Twombly*, 550 U.S. 544, 570 (2007); *see also In re Elevator Antitrust Litig.*, 502 F.3d 47, 50 (2d Cir. 2007) ("While *Twombly* does not require heightened fact pleadings of specifics, it does require enough facts to nudge [the non-movant's] claims across the line from conceivable to plausible." (internal quotation marks and citation omitted)).

On a Rule 12(c) motion, the court considers "the complaint, the answer, any written documents attached to them, and any matter of which the court can take judicial notice for the factual background of the case." *Roberts* v. *Babkiewicz*, 582 F.3d 418, 419 (2d Cir. 2009). "A complaint is [also] deemed to include any written instrument attached to it as an exhibit, materials incorporated in it by reference, and documents that, although not incorporated by reference, are 'integral' to the complaint." *Sira* v. *Morton*, 380 F.3d 57, 67 (2d Cir. 2004) (internal citations omitted) (quoting *Chambers* v. *Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002)).

**B.     The Filing of Plaintiff's EEOC Charge Tolled the Statute of Limitations**

Claims brought pursuant to the NYCHRL are subject to a three-year statute of limitations, meaning that they must be brought within three years of

5

the act or acts that give rise to the claim. *See* N.Y.C. Admin. Code § 8-502(d). Plaintiff does not dispute that, absent tolling, any claims arising from events prior to July 7, 2012 — three years prior to the filing of Plaintiff's complaint — would fall outside the statute of limitations. However, Plaintiff argues that her timely filing of a charge with the EEOC tolled her NYCHRL claims from the time of the filing to the issuance by the EEOC of a right to sue letter. (Pl. Opp. 2).

Remaining Defendants challenge this theory, arguing that a plain reading of the relevant statute shows that the filing of an EEOC charge does not toll the statute of limitations for NYCHRL claims. (Def. Br. 4-5). Remaining Defendants note that N.Y.C. Admin. Code § 8-502(d) provides for a tolling of the limitations period "[u]pon the filing of a complaint with the city commission on human rights or the state division of human rights," but does not provide for similar tolling upon the filing of a complaint with the EEOC, which is a federal agency. (*Id.*). Remaining Defendants further buttress their theory that complaints with federal agencies do not toll the limitations period by pointing to N.Y.C. Admin. Code § 8-502(a), which provides that "the filing of a complaint with a federal agency … which is subsequently referred to the city commission on human rights or to the state division of human rights … shall not be deemed to constitute the filing of a complaint under this subdivision." (*Id.* at 5). Given the omission of complaints filed with the EEOC from § 8-502(d)'s tolling provision and § 8-502(a)'s choice to not define EEOC charges that are later referred to city or state agencies as complaints, Remaining Defendants

argue that § 8-502 plainly excludes EEOC charges from the NYCHRL's tolling provision. (*Id.*).

Although "the Second Circuit has not yet resolved the question of whether EEOC charges toll the statute of limitations for NYCHRL claims[,] ... many district courts within the Southern District of New York have concluded that EEOC charges do toll NYCHRL claims." *See, e.g., Nixon* v. *TWC Admin. LLC*, No. 16 Civ. 6456 (AJN), 2017 WL 4712420, at *2 (S.D.N.Y. Sept. 27, 2017) (collecting cases). That includes this Court. *See Sesay-Harrell* v. *N.Y.C. Dep't of Homeless Servs.*, No. 12 Civ. 925 (KPF), 2013 WL 6244158, at *12 (S.D.N.Y. Dec. 2, 2013) (explaining that "the limitations period is tolled 'during the period in which a complaint is filed with the EEOC and the issuance by the EEOC of a right-to-sue letter" (quoting *E.E.O.C.* v. *Bloomberg L.P.*, 967 F. Supp. 2d 816, 831 (S.D.N.Y. 2013))). As the *Nixon* court explained,

> [T]wo different legal provisions ... support the tolling of the applicable statute of limitations for municipal law claims during the pendency of a complaint filed with the EEOC. First, in the State context, pursuant to a work-sharing agreement between the New York State Department of Human Rights [ ] and the EEOC, charges filed with the EEOC are automatically considered dual-filed with the State ... . Thus, [a plaintiff's] EEOC complaint here would be deemed filed with the [New York State Department of Human Rights]. Second, the New York City Administrative Code states that "[u]pon the filing of a complaint with the city commission on human rights *or the state division of human rights* and during the pendency of such complaint and any court proceeding for review of the dismissal of such complaint, such three year limitations period shall be tolled. ... As a result, although the New York City Commission on Human Rights does not have its own work-sharing agreement with the EEOC ..., the

7

> interaction of these two provisions ... indicates that a charged filed with the EEOC would also toll the statute of limitations period for NYCHRL claims.

2017 WL 4712420, at *3.

Remaining Defendants have not presented arguments that persuasively undercut the rationale supporting the tolling of the limitations period during the pendency of an EEOC complaint. Indeed, Remaining Defendants' entire argument hinges on § 8-502(a)'s provision that complaints filed with federal agencies are not deemed to constitute the filing of a complaint, regardless of whether they are later referred to the relevant city or state agency. (Def. Reply 4-5). In so focusing their argument, however, Remaining Defendants ignore the purpose of § 8-502(a).

It is clear that § 8-502(a) exists to provide complainants with an election of remedies — they may either file an NYCHRL claim in court, or they may file a complaint with the relevant city or state agency. *See* N.Y.C. Admin. Code § 8-502(a) ("[A]ny person claiming to be ... aggrieved by an unlawful discriminatory practice ... shall have a cause of action in any court of competent jurisdiction ..., unless such person has filed a complaint with the city commission on human rights or with the state division of human rights with respect to such alleged unlawful discriminatory practice."). With this purpose in mind, it is clear that Remaining Defendants' cited passage from § 8-502(a) merely means that a plaintiff does not abandon her ability to bring an NYCHRL claim in court when she files a complaint with the EEOC, even if that complaint is later referred to a city or state agency. This, in turn, does not

contradict the common understanding in the Southern District of New York that, given the simultaneous dual filing of EEOC complaints with the New York State Department of Human Rights, § 8-502(d)'s tolling provision applies to claims pending before the EEOC. *See, e.g., Nixon*, 2017 WL 4712420, at *2-3.

Remaining Defendants' citations to case law are equally ineffectual. (Def. Br. 6-8). As the *Nixon* court noted, cases such as *Johnson* v. *Railway Express Agency, Inc.*, 421 U.S. 454 (1975), and *Castagna* v. *Luceno*, 744 F.3d 254 (2d Cir. 2014), are inapposite because they respectively deal with issues such as Congressional intent and tolling for common-law tort claims, as opposed to "the specific statute at issue here." *See Nixon*, 2017 WL 4712420, at *3. Moreover, insofar as intent is relevant, "the presence of the work-sharing agreement, the municipal code provision, and an additional state law that tolls the statute of limitations … furnishes clear proof of New York's intent that tolling should apply to claims brought under the … NYCHRL." *See id.* at *4. Given Remaining Defendants' unavailing arguments, the Court sees no reason to reverse its prior finding that NYCHRL claims are tolled during the pendency of an EEOC complaint. The Court reaffirms that claims brought under the NYCHRL are tolled for the period between the filing of an EEOC charge and the issuance of a right to sue letter.

Applying the tolling provision[2] to the facts in this case, Plaintiff's NYCHRL claims arising from events prior to July 7, 2012, were timely filed.

---

2    As a reference point, the Court converts the three-year limitations period into 1,095 days.

Plaintiff alleges discriminatory acts from at least March 2011. *See Shojae I*, 2018 WL 443749, at *2. Plaintiff filed her charge with the EEOC on November 20, 2013, *see id.* at *1, 995 days from March 1, 2011. The EEOC issued its Notice of Right to Sue letter on April 12, 2015, *see id.*, tolling Plaintiff's claims for 508 days. Plaintiff filed her complaint on July 7, 2015 (Dkt. #1), 86 days after the issuance of the right to sue letter. Taking the tolling provision into account, the alleged discriminatory acts took place 1,081 days prior to the filing of the instant action, within the three-year limitations period. Accordingly, Remaining Defendants' motion to dismiss Plaintiff's NYCHRL claims arising from events prior to July 7, 2012, is denied.

## CONCLUSION

For the reasons set forth in this Opinion, Remaining Defendants' motion for judgment on the pleadings is DENIED. The Clerk of Court is directed to terminate the motion at docket entry 129. The parties are ORDERED to file a joint letter advising the Court of next steps in this action on or before **April 30, 2020**.

SO ORDERED.

Dated: April 13, 2020
       New York, New York

　　　　　　　　　　　　　　　　　　　KATHERINE POLK FAILLA
　　　　　　　　　　　　　　　　　　　United States District Judge